IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| AUDRY WALKER, | CV 20-00006-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| JEANNIE HANSEN, BOBBY POTTS, KURTIS WOEPPEL, KENTOR STRADINGER, KAITLIN MCMULLEN, ALEJANDRO COCOA, and MEDICAL STAFF, | |
| Defendants. | |

Plaintiff Audry Walker filed a Complaint alleging violations of her Eighth Amendment rights (Doc. 2).  The Court conducted a screening pursuant to 28 U.S.C. §§ 1915, 1915A and found that the Complaint failed to state a claim upon which relief may be granted and was subject to dismissal.  Ms. Walker was given an opportunity to amend, which she has now done.  The Amended Complaint, however, provides less factual information than the original complaint and only alleges medical negligence.  (Doc. 10.)  As Ms. Walker was advised in the Court May 5, 2020 Order, to support a medical claim under the Eighth Amendment, a prisoner must demonstrate "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (*citing Estelle v. Gamble*, 429 U.S.

1

97, 104 (1976)).  Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  "Neither negligence nor gross negligence will constitute deliberate indifference."  *Clement v. California Dep't of Corrs.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).

Ms. Walker's Amended Complaint alleges only medical negligence which is insufficient to state a federal claim for relief.  For that reason and for the reasons set forth in the Court's May 5, 2020 Order, the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

4.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Ms. Walker failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Ms. Walker may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) thereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 12th day of November, 2020.

_____
Timothy J. Cavan
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Ms. Walker is being served by mail, she is entitled an additional three (3) days after the period would otherwise expire.